UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LONELL ECHOLS,

    Plaintiff,

v.                                                                           Case No. 23-CV-445

ALLISON BRIGGS,

    Defendant.

## ORDER

        On February 22, 2024, the defendant, Allison Briggs, filed a motion for summary judgment on the merits. (ECF No. 19.) Pursuant to Civil Local Rule 15(b)(2), and a Notice an Order issued by the court on February 2, 2024, *pro se* plaintiff Lonell Echols had until March 23, 2024, to respond to Briggs's motion for summary judgment. (ECF No. 28.) The court cautioned Echols that if he failed to respond to the summary judgment motion, the court would accept all facts asserted by Briggs as true and likely grant her motion. On February 29, 2024, Echols filed a motion for extension of time to respond to Briggs's motion, noting that he was being released from custody. (ECF No. 29.) The court granted the motion, giving him until June 24, 2024. While the Clerk of Court's office had a few technical difficulties mailing Echols the court's orders, the court's orders were properly mailed on May 29,

2024, still giving Echols ample time to either respond to Briggs's motion or move for an extension.

The June 24, 2024, deadline has passed, and the court has not heard from Echols. The court will therefore construe Briggs's motion for summary judgment as unopposed. The court has reviewed Briggs's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment on the merits. The undisputed facts show that Briggs did not violate Echols's First Amendment rights by retaliating against him. Accordingly, the case is dismissed.

**IT IS THEREFORE ORDERED** Briggs's motion for summary judgment (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil

Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 20th day of August, 2024.

*Stephen C. Dries*
STEPHEN DRIES
United States Magistrate Judge